

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-38,198-04

### EX PARTE JULIUS JEROME MURPHY, Applicant

### ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
### AND MOTION TO STAY THE EXECUTION IN CAUSE NO. 97-F-462-102
### IN THE 102ND JUDICIAL DISTRICT COURT
### BOWIE COUNTY

*Per curiam.*

## O R D E R

This is a subsequent application for a writ of habeas corpus filed pursuant to the

provisions of Texas Code of Criminal Procedure Article 11.071 § 5 and a motion to stay

applicant's execution.[1]

In August 1998, a jury found applicant guilty of the offense of capital murder. The

jury answered the special issues submitted pursuant to Article 37.071, and the trial court,

---

[1] Unless otherwise indicated all references to Articles refer to the Code of Criminal Procedure.

accordingly, set applicant's punishment at death.

This Court affirmed applicant's conviction and sentence on direct appeal. *Murphy v. State*, No. AP-73,194 (Tex. Crim. App. May 24, 2000)(not designated for publication). This Court denied relief on applicant's initial post-conviction application for a writ of habeas corpus. *Ex parte Murphy*, No. WR-38,198-02 (Tex. Crim. App. Apr. 10, 2002) (not designated for publication).[2]

On January 17, 2006, applicant filed in the trial court a subsequent application for a writ of habeas corpus. In the subsequent application, applicant asserted that he was intellectually disabled and, therefore, exempt from execution. We remanded the issue to the trial court, and that court determined that applicant should be denied relief. We agreed. *Ex parte Murphy*, No. WR-38,198-03 (Tex. Crim. App. Nov. 19, 2014) (not designated for publication).

On September 24, 2015, applicant filed a second subsequent application in the trial court. In this application, applicant asserts that (1) the district attorney's office failed to disclose threats of prosecution and promises of leniency to the State's two main witnesses as required by *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972); (2) the State unknowingly presented false testimony through one of

---

[2] On July 15, 1998, applicant filed with this Court an application for a writ of prohibition requesting this Court to prohibit the trial court from ordering him to submit to a psychiatric exam. The Court denied him leave to file that application on July 16, 1998. *See Ex parte Murphy*, No. WR-38,198-01 (no written order issued).

these witnesses in violation of *Ex parte Chabot*, 300 S.W.3d 768 (Tex. Crim. App. 2009); and (3) evolving standards of decency dictate that the death penalty is no longer constitutional.

Applicant's execution is stayed until further order of this Court.

IT IS SO ORDERED THIS THE 12th DAY OF OCTOBER, 2015.

Do Not Publish